OPINION
On May 17, 1997, appellant, Jessee J. Abels, was charged with telephone harassment in violation of R.C. 2917.21(A)(3). Said charge arose from a 911 hang-up call from King Lanes Bowling Alley on May 16, 1997.
On June 9, 1997, appellant filed a motion to suppress his statements for failure to be apprised of his rights against self-incrimination. A hearing was held and by judgment entry filed June 26, 1997, the trial court denied said motion.
On July 16, 1997, the charge was amended to a different subsection of R.C. 2917.21, that being subsection (A)(1). A jury trial was held on July 16, 1997. The jury found appellant guilty as charged. By judgment entry filed July 16, 1997, the trial court sentenced appellant to sixty days in jail, thirty days suspended, and placed appellant on probation for one year.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT ALLOWING THE TESTIMONY OF A WITNESS WHO HEARD ANOTHER PERSON ADMIT TO THE CRIME WITH WHICH THE DEFENDANT-APPELLANT WAS CHARGED.
 I
Appellant claims the trial court erred in excluding the testimony of Dwight Norris, a witness to an admission by Gary Hootman. We disagree.
Mr. Norris's testimony was proffered for the record as follows:
 MR. MASON: Yea, Dwight Norris would testify that Gary Hootman told him after the date of the alleged offense that he, Gary Hootman, was the person who had made the 911 call and, essentially, he was the one who had committed the offense. That would be the sum and the substance of the testimony.[1]
T. at 122.
The trial court excluded Mr. Norris's testimony because no proper foundation had been laid during Mr. Hootman's examination in violation of Evid.R. 613 (B):
 (B) Extrinsic Evidence of Prior Inconsistent Statement of Witness. Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded a prior opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require. This provision does not apply to admissions of a party-opponent as defined in Rule 801 (D) (2).
The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Upon review of Mr. Hootman's testimony, we concur with the trial court's decision. Although Mr.Hootman was cross-examined about whether he made the 911 call (T. at 56, 58), he was never questioned about any statement or admission to Mr. Norris as Evid. R. 613 (B) contemplates.
The sole assignment of error is denied.
The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.
By Farmer, P.J., Reader, J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 97 COA 01225
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Ashland County, Ohio is affirmed.
[1] Appellant's defense was that he saw Mr. Hootman make the 911 call and he confessed only because Mr. Hootman was his friend. T. at 105,108.